HENDERSON, Chief-J ustice
I am glad that this causé has returned upon us ; not that I am desirous of unsaying what I said upon the former occasion; for with that opinion, so far at least as it had a bearing upon the case, I am satisfied. But it affords me an opportunity of expressing myself fully upon what may he called stake boundaries. That stakes may be real boundaries, and so intended by the parties, and not mere imaginary points, I mean not to controvert. But I said before, and now think, that where they are given with course and distance, and no further description given of them; for example, “toa stake, ” or ‘ ‘ thence to a stake in a line,” they were intended by the parties, an d so should be understood,to design ate imaginary points; that is, where the line terminates, or intersects another line. And this, I say, is founded on universal practice and the nature of man. For having at hand a *74 more certain atad definite means of pointing out tlic object,, as a cedar, a pine, or an oak — -or a stake standing in a field, a wood, a pond, or near the road, creek, river, or some other additional means of description, and not using them, and having given the course and distance, they intended to rest on that, and that alone to point out the location of the stake, or rather where they intended should be the spot represented by the description of a stake. To permit parol evidence, to-show that a stake was put up, or was seen at or near the spot, is to permit proof in opposition to the intention of the parties. For if one was actually set up, it was designed for some temporary purpose; ami .not as a land-mark, whereby the boundaries should be established. For the parties designed a more certain description. The court should not have heard the evidence, or, having heard it, should have instructed the jury, that such evidence did not vary the 'description given by the course and distance in the deed. For it is the province of the court to declare, what are the calls of a deed, and where there áre more than one call, which is* the controlling, one. What -may be the proper rule, where the court can rationally perceive, that tlic parties intended by the word stake, something more than an imaginary point, by superadding a farther description in the deed, this case does not render necessary to say. But I suppose a court would he bound to say, if that intent was collected from the deed, however frail.it mighí be, and however likely to produce mistake, fraud and perjury; yet as the parties had thought proper to make it. their boundary, the court could not interfere. But even there, the proofs controlling course and distance, I think should be of the most satisfactory kind ; and such intent should appear in the deed.' Prima fade, where course and distance are given, nothing more than an imaginary point is presumed to be intended.
Judge Hall has with much force given reasons, why a stake should not in any case control the course and distance. So far as policy is concerned, his argument is unanswerable.
*75 iliix, Judge..
Deeds for land, without location, are Nullities; To be of any avail, they must in fact, or by way of reference, be fixed to the earth. They must be fixed to immovable objects. They may call for water courses, rocks, trees, or any thing immovable, that may be identified. Marked trees, the most common, are partly natural, and partly artificial boundaxúes. They are however immovable, and the marks are made for the purpose of identifying them. So long as these last, the location of the land is certain; it cannot be varied. When they become effaced and destroyed by length of time, there can, from the nature of things,- be no written evidence to show the spots of ground on which they grew. Hence, necessity permits the introduction of pa-rol evidence for that purpose. But if a deed for land is originally made without a location, and without a mane, parol evidence has never yet been permitted to give it either.
Movable things may become the boundaries Of land, when they become immovable; as a wall or a pillar of stones, or any. other fixed, stable substance. I consider stakes to be only imaginary points. They bespeak more of locality, to be sure, than floating feathers on the water, but they are as unfitto he boundaries of land. Ordinary accidents may draw them from the earth, and destroy them.- But deeds, impelled by all the force of wickedness and fraud, cannot pull up trees by the roots. Stakes would not answer the ordinary purpose of common honesty, and prove nothing in a contest for boundary.
Deeds must call for boundaries of the kind I have mentioned, and the furthest the common law has been departed from, is to connect deeds with such boundaries by parol evidence, where it appears they have been marked for that purpose, although the deed does not call for them; provided it is in part located, as by calling for some corner, or place not disputed, or to be disputed. If a half acre of land is sold, beginning at a particulai* corner, and the lines run accordingly, the half acre only passes, altho’ the surveyor surveyed mor« *76 than half an acre, because the lines were not properly marked. But if he surveyed more than half an acre, and marked the lines in a proper manner, the whole that jig surveyed would pass. I concur altogether in the opinion of the Chief-Justice.